IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**FILED**
UNITED STATES DISTRICT COURT
DENVER, COLORADO

DEC 09 2022

JEFFREY P. COLWELL
CLERK

Civil Action No. _____
(To be supplied by the court)

Ralph Marcus Hardy
and those similarly situated, , Plaintiff

v.

Adams County, a municipality ,

Richard Reigenborn Sheriff-Adams County

_____ ,

_____ , Defendant(s).

**Jury Trial requested:**
(please check one)
  X  Yes  ___  No

(*List each named defendant on a separate line. If you cannot fit the names of all defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed in the above caption must be identical to those contained in Section B. Do not include addresses here.*)

## PRISONER COMPLAINT

**NOTICE**

Federal Rule of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should not contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include only: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

**Plaintiff need not send exhibits, affidavits, grievances, witness statements, or any other materials to the Clerk's Office with this complaint.**

A. **PLAINTIFF INFORMATION**

*You must notify the court of any changes to your address where case-related papers may be served by filing a notice of change of address. Failure to keep a current address on file with the court may result in dismissal of your case.*

Ralph M. Hardy #217798  150 N. 19th Ave Brighton, Co. 80601
(Name, prisoner identification number, and complete mailing address)

N/A
(Other names by which you have been known)

Indicate whether you are a prisoner or other confined person as follows: (check one)

- [X] Pretrial detainee
- [ ] Civilly committed detainee
- [ ] Immigration detainee
- [ ] Convicted and sentenced state prisoner
- [ ] Convicted and sentenced federal prisoner
- [ ] Other: (*Please explain*)

B. **DEFENDANT(S) INFORMATION**

*Please list the following information for each defendant listed in the caption of the complaint. If more space is needed, use extra paper to provide the information requested. The additional pages regarding defendants should be labeled "B: DEFENDANT(S) INFORMATION."*

Defendant 1: Adams County, a municipality
(Name, job title, and complete mailing address)

4430. S. Adams County Pkwy Brighton, Co. 80601

At the time the claim(s) in this complaint arose, was this defendant acting under color of state or federal law? **X** Yes ___ No (*check one*). Briefly explain:

Adams County owns and operates the Adams County Detention Facility.

Defendant 1 is being sued in his/her ___ individual and/or **X** official capacity.

Defendant 2: <u>Richard Reigenborn - Sheriff of Adams County, Colorado</u>
(Name, job title, and complete mailing address)
<u>4430 S. Adams County Pkwy Brighton, Co. 80601</u>

At the time the claim(s) in this complaint arose, was this defendant acting under color of state or federal law?  X  Yes ___ No (*check one*). Briefly explain:

<u>Sheriff Reigenborn is a final Policymaker for Adams County and the Adams County Detention Facility.</u>

Defendant 2 is being sued in his/her  X  individual and/or  X  official capacity.

Defendant 3: _____
(Name, job title, and complete mailing address)

_____

At the time the claim(s) in this complaint arose, was this defendant acting under color of state or federal law? ___ Yes ___ No (*check one*). Briefly explain:

_____

_____

Defendant 3 is being sued in his/her ___ individual and/or ___ official capacity.

## C. JURISDICTION

*Indicate the federal legal basis for your claim(s): (check all that apply)*

  X   42 U.S.C. § 1983 (state, county, and municipal defendants)

_____ *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971) (federal defendants)

_____ Other: (*please identify*) _____

D. Statement of Claims:

Claim One: - 1983 Fourteenth Amendment claim for relief against Adams County and Sheriff Reigenborn for the promulgated, created, implemented, or possessed responsibility for, the continued operation of a policy, custom, or practice of inadequate maintenance and supervision of the Adams County Detention Facility ("ACDF") that resulted in a food diet that was tantamount to a governmental act of genocide.

Facts as to Claim one:

1. Plaintiff Ralph Marcus Hardy, and those similarly situated at all relevant times, are inmates being detained in the (ACDF) on pre-trial matters. Mr. Hardy was booked into the ACDF on October 6, 2021, and has remained there for the entire time relevant to the claim giving rise to this Complaint.

2. At all relevant times, Adams County owns and operates the ACDF and the Adams County Sheriff's Office ("ACSO")

3. At all relevant times, Sheriff Reigenborn is the elected Sheriff of Adams County, Colorado, and a final policymaker for Adams County, ACDF and ACSO.

4. At all relevant times to the facts giving rise to this Complaint, Sheriff Reigenborn was the direct or constructive supervisor over the ACDF, and the ACSO, as well as all Adams County employees, acting as officers, agents, or employees of ACDF and ACSO.

4(iv)

5. At all relevant times, Adams County Jail food Service Director Sioux Rodriguez was acting as an officer, agent or employee of Adams County.

6. At all relevant times the Colorado Revised statutes define the Sheriff of the County as "the Keeper of the County jail". 17-26-102. The statute mandates that the keeper of the jail "shall" be responsible for the manner in which the same is kept, and in keeping with his responsibilities, he "shall" see that the same is kept clean, safe and wholesome".

7. When Mr. Hardy was booked into the jail on October 6, 2021, he was in good health. He did suffer from mild hypertension that required him to take 5mg. of blood pressure medication to maintain a normal Systolic/Diastole reading. Mr. Hardy took only the 5mg. dosage for over a year prior to his ACDF booking date. Mr. Hardy had no other Chronic medical conditions other than an MCL/ACL 50% lower torso disability. Mr. Hardy was seen regularly by his family physician outside of ACDF, and had a Commercial Drivers license that required regular DOT physical exams. All of Mr. Hardy's labs were within normal ranges prior to his booking date and had been in normal ranges for over 20 years.

8. After Mr. Hardy's seventh day of being detained in the ACDF, he took notice of the repetitive cold sack meal being served three times per day, 7 days a week, which was in direct conflict with Correctional Facility and County jail meal standards.

9. The diet consisted of 12 slices of white bread, 6 slices each of processed meat and cheese, which was on a rotating basis with 6 packs of peanutbutter and jelly, 9 cookies, or 3 heavily iced pieces of cake, and three bags of potato chips daily. Moreover, there was a 1% milk served once per day with breakfast. The diet was of high caloric intake, and had extremely high daily percentages of saturated fats, sodium, sugar, and carbohydrates. The diet caused extremely rapid weight gain, hypertension and diabetic complications within a 4 to 7 month span. Adams County and Sheriff Reigenborn knew of the diets dangers to the health and safety of the County jails inmate population, t

4(a)

but chose to disregard the diets known or obvious dangers to the health and safety of Mr. Hardy and those similarly situated, and continued to serve the diet for nearly a year. In Mr. Hardy's case it was from October 6, 2021 until February 1, 2022.

10. While it may appear that Mr. Hardy ordered inmate/jail Commissary food items on a routine basis, it was because he allowed his jail account to be used by other inmates to order extra food for themselves and he would get a bag of coffee for the use of his account. Mr. Hardy contends that he consumed little to no food products outside the jail diet for the times relevant to this complaint. After only 30 days of the jail diet Mr. Hardy contends that his Systolic/Diastole readings increased beyond mild levels that resulted in an increase in dosages of medication.

11. Mr. Hardy was hearing multiple inmates complain about how healthy they were when they arrived to the jail, and were now being diagnosed with hypertension disorder and diabetic complications by the medical department at ACDF. After doing some research on the jail diet being served, Mr. Hardy filed for Administrative Remedies in November 2021.

12. Mr. Hardy raised four specific points regarding the diet and its effects on the inmate population inside the ACDF. Specifically, Mr. Hardy grieved the fact that the diet was: (1) Unhealthy; (2) was causing hypertension disorders in the inmate population, along with (3) diabetic complications; and (4) It was ultimately killing inmates in the jail

13. On or about November 10, 2021, Food Service Director Sioux Rodriguez responded to the grievance and stated the following: The diet was the result of mechanical issues in the jail, and that the diet had been approved by an Adams County Registered Dietitian. Ms. Rodriguez did concede liability for the diets obvious dangers, and substantiated that the diet was in fact unhealthy, was causing the hypertension and diabetic disorders being developed by inmates in the jail, and was systematically killing inmates, over time. In this case, Ms. Rodriguez expressly substantiated that the diet operated

4(b)

to shorten the life expectancy of persons who consumed the diet. Mr. Hardy contends that the diet specifically targeted an age based class of persons. Specifically, persons above the age of 40, because this age range was more susceptible to the causations of the diets known or obvious effects. Adams County, and Defendant Reigenborn deliberately, and/or consciously chose to disregard the risk of harm that he knew or reasonably should have known would ultimately result in a Constitutional violation, from the diets consumption.

14. In Mr. Hardy's case, he was a healthy 61 year old man that suffered a mild hypertension disorder that required only 5mg. of medication to regulate his Systolic/Diastole readings. Mr. Hardy's only other chronic medical condition was a 50% ACL/MCL lower torso right knee disability. Mr. Hardy's blood pressure remained stabilized with the 5mg. dosage for at least 3 years preceeding his October 6, 2021 booking date. After only 5 months of consuming the diet that Ms. Rodriguez admitted was causing hypertension and diabetic disorders among the inmates in the ACDF, and was killing those affected by its known or obvious effects, Mr. Hardy's needed dosage to maintain an average Systolic-Diastole reading has had to be increased by 35 mg's. Moreover, Mr. Hardy has now been diagnosed by medical provider "Jim" with Chronic Diabetic Complications that has placed him on a diabetic meal.

15. Mr. Hardy contends that Sheriff Reigenborn again acted deliberately indifferent to the diets known or obvious effects when he promulgated, created, implemented, or possessed responsibility for, the continued operation of policy, customs or practices of feeding the genocide diet for an additional 84 days following his food service Directors determination that the diet was the specific cause of the life threatening medical complications developed by Mr. Hardy and those Similarly situated. In that regard, Adams County, and Defendant Reigenborn, have intentionally, purposely, and maliciously caused the premature death of Mr. Hardy, and any other inmates who developed the admitted, known, or obvious life-threatening medical conditions that the diet produced.

16. Mr. Hardy contends, that even though chronic medical care, exercise, and a different diet may slow down or stall his inevitable premature death, caused by the diets known or obvious effects, these facts change nothing in regards to the permanent life changing hurdles he now faces on a daily basis in his pursuit of happiness. Hypertension and Diabetic complications place limits on his goals and employment opportunities as a Commercial Truck Driver, and he must pay additional co-pays or additional chronic care medical coverages, higher insurance rates, and a barrage of other potential coverages, like insulin, pharmaceutical supplies, and other diabetic needs. Specifically, Adams County, and Sheriff Reigenborn have deprived Mr. Hardy of his clearly established rights to life, liberty and the pursuit of happiness, by acts of deliberate indifference to the known or obvious effects of a food diet that was forced upon him by a promulgated, created, implemented, policy, custom or practice of deliberate indifference to the adequate supervision and maintence of the County jail in Adams County, Colorado, that ultimately caused the (admitted) constitutional harm in this case.

17. As a final policy maker for Adams County, Defendant Reigenborn promulgated, created, implemented or possessed responsibility for these policies, customs, or practices, that violated clearly established law, and the guaranteed Fourteenth Amendment Rights of Mr. Hardy, and those similarly situated.

---

1. Notably, the food service department was dysfunctional for nearly a year, which produced the genocide diet, establishing that inadequate supervision and maintenance, as required by the Colo. Revised Statute § 17-26-102 is what caused the constitutional harm in this case.

4(d)

18. Mr. Hardy contends that there is often long periods of no hot water, for weeks, laundry department breakdowns for weeks, heating and cooling failures, Chronic black mold complications, water leaking into the cells, damaging inmate personal property and legal work. At one point inmates in A-Module were deprived of clean towels, boxers, and clothes for the entire month of October and half of November of 2021. These things clearly establish that Sheriff Reigenborn has promulgated, created, implemented, or possessed responsibility for the continued operation of a policy, custom or practice of inadequate supervision and maintenance of the ACDF, that has unequivocally caused the constitutional deprivation in this case.

4(e)

E.   PREVIOUS LAWSUITS

Have you ever filed a lawsuit, other than this lawsuit, in any federal or state court while you were incarcerated? __X__ Yes ___ No (*check one*).

*If your answer is "Yes," complete this section of the form. If you have filed more than one previous lawsuit, use additional paper to provide the requested information for each previous lawsuit. Please indicate that additional paper is attached and label the additional pages regarding previous lawsuits as "E. PREVIOUS LAWSUITS."*

Name(s) of defendant(s): __Jennifer Chu / Robert White__

Docket number and court: __22-cv-146__

Claims raised: __Conspiracy to Violate Const. Rights__

Disposition: (is the case still pending? has it been dismissed?; was relief granted?) __Dismissed w/o Prejudice__

Reasons for dismissal, if dismissed: __Sheriff Refused Service of Process__

Result on appeal, if appealed: __N/A__

※ Additional Prior lawsuits attached ※

F.   ADMINISTRATIVE REMEDIES

*WARNING: Prisoners must exhaust administrative remedies before filing an action in federal court regarding prison conditions. See 42 U.S.C. § 1997e(a). Your case may be dismissed or judgment entered against you if you have not exhausted administrative remedies.*

Is there a formal grievance procedure at the institution in which you are confined?

    __X__ Yes ___ No (*check one*)

Did you exhaust administrative remedies?

    __X__ Yes ___ No (*check one*)

5

## E. Previous Lawsuits

**Name of Defendants:** Megan Ring, Brian Mason, Richard Reigenborn and Adams County.

**Docket No.:** 22-CV-01666-LTB

**Claims Raised:** Conspiracy to violate Fifth and Sixth Amendment Rights to Remain Silent and Attorney-Client Confidentiality.

**Disposition:** Administratively Closed "Younger Abstention" Pending State's final disposition.

There was no appeal.

---

**Name of Defendants:** Adams County, Richard Reigenborn, Deputy Rabie, Deputy Overmyer, Deputy Deherrera, and two Unknown Masked deputies.

**Docket No.:** 22-CV-02843-MDB

**Claims Raised:** Excessive Use of force, Cruel and unusual punishment, discrimination against Americans with Disabilities, and Reprisal for seeking Court redress.

**Disposition:** Direct assignment to Magistrate Judge and pending an amended Complaint that has already been filed.

G.   **REQUEST FOR RELIEF**

*State the relief you are requesting, or what you want the court to do. If additional space is needed to identify the relief you are requesting, use extra paper to request relief. Please indicate that additional paper is attached and label the additional pages regarding relief as "G. REQUEST FOR RELIEF."*

1. Enter judgment in favor of the Plaintiff and against the Defendants

2. Grant compensatory damages in accordance with law, but not limited to pain and suffering, life-time health coverage for his hypertension and diabetic complications, including co-pays prescription medications, insulin (if needed) and any health issues caused by the hypertension and diabetic disorders, and to include funeral and burial costs, if death is caused as a proximate result of one of the developed complications.

3. Grant punitive or exemplary damages in accordance with law.

4. Order the defendants to pay all costs, fees and legal expenses incurred, including appropriate attorney fees, expert witness fees,

※ Request for Relief continued next page ※

H.   **PLAINTIFF'S SIGNATURE**

I declare under penalty of perjury that I am the plaintiff in this action, that I have read this complaint, and that the information in this complaint is true and correct. *See* 28 U.S.C. § 1746; 18 U.S.C. § 1621.

Under Federal Rule of Civil Procedure 11, by signing below, I also certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending or modifying existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

*Ralph Hardy*
(Plaintiff's signature)

12-6-22
(Date)

(Revised February 2022)

G. Relief Requested Continued

marshall fees for process of Service, and filing fees.

    5. Post this Claim in all Criminal Justice buildings, Colorado Prisons, and County jails, parole and probation buildings; in order to allow those who were similarly situated with Mr. Hardy from at least October 6, 2021 or sooner, who can establish and prove they were being subjected to the diet prior to October 6, 2021, until normal operations resumed on February 2, 2022, to file for their own constitutional claims resulting from the diet, or to attempt a joint claim based on the common facts and questions of law presented herein.

    6. Grant pre and post judgment interests, according to law.

    7. Grant any such other and further relief this Court deems just and proper.

    8. Mr. Hardy requests a jury trial on all issues so triable.