IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**FILED**
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JAN 19 2023

JEFFREY P. COLWELL
CLERK

Civil Action No. __22-CV-03197-GPG__
(To be supplied by the court)

__Ralph Marcus Hardy__, Plaintiff

v.

__Adams County, a Municipality__,

__Richard Reigenborn - Adams County Sheriff__,

_____,

_____, Defendant(s).

Jury Trial requested:
(please check one)
_X_ Yes ___ No

(*List each named defendant on a separate line. If you cannot fit the names of all defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed in the above caption must be identical to those contained in Section B. Do not include addresses here.*)

**AMENDED
PRISONER COMPLAINT**

| NOTICE |
|---|
| Federal Rule of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should not contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include only: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.<br><br>**Plaintiff need not send exhibits, affidavits, grievances, witness statements, or any other materials to the Clerk's Office with this complaint.** |

## A. PLAINTIFF INFORMATION

*You must notify the court of any changes to your address where case-related papers may be served by filing a notice of change of address. Failure to keep a current address on file with the court may result in dismissal of your case.*

Ralph Marcus Hardy #21-7798 150 N. 19th Ave. Brighton, Co. 80601
(Name, prisoner identification number, and complete mailing address)

N/A
(Other names by which you have been known)

*Indicate whether you are a prisoner or other confined person as follows: (check one)*

- [X] Pretrial detainee
- [ ] Civilly committed detainee
- [ ] Immigration detainee
- [ ] Convicted and sentenced state prisoner
- [ ] Convicted and sentenced federal prisoner
- [ ] Other: (*Please explain*) _____

## B. DEFENDANT(S) INFORMATION

*Please list the following information for each defendant listed in the caption of the complaint. If more space is needed, use extra paper to provide the information requested. The additional pages regarding defendants should be labeled "B. DEFENDANT(S) INFORMATION."*

Defendant 1: Adams County, a Municipality Collectively Richard Reigenborn,
(Name, job title, and complete mailing address)

4430 S. Adams County Pkwy Brighton, Co. 80601

At the time the claim(s) in this complaint arose, was this defendant acting under color of state or federal law?  _X_ Yes ___ No (*check one*). Briefly explain:

Adams County owns and operates the Adams County Detention Facility and the Adams County Sheriff's Office

Defendant 1 is being sued in his/her ___ individual and/or _X_ official capacity.

2

Defendant 2: Richard Reigenborn - Sheriff of Adams County, Colorado
(Name, job title, and complete mailing address)

4430 S. Adams County Pkwy. Brighton, Co. 80601

At the time the claim(s) in this complaint arose, was this defendant acting under color of state or federal law? _X_ Yes ___ No (*check one*). Briefly explain:

Defendant Reigenborn is the Supervisor and final policymaker for ACDF and ACSO.

Defendant 2 is being sued in his/her _X_ individual and/or _X_ official capacity.

Defendant 3: _____
(Name, job title, and complete mailing address)

_____

At the time the claim(s) in this complaint arose, was this defendant acting under color of state or federal law? ___ Yes ___ No (*check one*). Briefly explain:

_____

_____

Defendant 3 is being sued in his/her ___ individual and/or ___ official capacity.

## C. JURISDICTION

*Indicate the federal legal basis for your claim(s): (check all that apply)*

_X_ State/Local Official (42 U.S.C. § 1983)

___ Federal Official
As to the federal official, are you seeking:
___ Money damages pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971)
_/_ Declaratory/Injunctive relief pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1361, or 28 U.S.C. § 2201

___ Other: (*please identify*) _____

D. Statement of Claims

Claim One - 1983 Fourteenth Amendment Claim against Adams County and Adams County Sheriff Richard Reigenborn in his official and his individual capacity for the promulgated, created, implemented or possession of responsibility for the continued operation of a policy, custom, or practice of inadequate supervision and maintenance of the Adams County Detention Facility ("ACDF") that resulted in a food diet that was tantamount to a governmental act of genocide.

FACTS

1. Plaintiff Ralph Marcus Hardy is a pretrial detainee in the ACDF. Mr. Hardy was booked into the ACDF on October 6, 2021 and has remained there for the entire time relevant to the claim giving rise to this complaint.

2. At all times relevant, Adams County is a municipality; who owns and operates the ACDF and the Adams County Sheriff's Office ("ACSO")

3. At all times relevant Defendant Richard Reigenborn is the elected Sheriff of Adams County, Colorado and a final policymaker for Adams County, ACDF and ACSO.

4. At all times relevant Sheriff Reigenborn is defined by Colorado Revised Statute as "The keeper of the County jail." 17-26-102 C.R.S.

5. At all times relevant Sheriff Reigenborn is the actual or constructive supervisor of the ACDF and ACSO; and all employees acting as officers, agents, or employees of Adams County, ACDF and ACSO.

4.

6. At all times relevant ACDF Food Service Supervisor/Director Sioux Rodriguez was acting as an officer, agent, or employee of Adams County, and ACDF.

7. When Plaintiff Ralph Hardy was booked into the ACDF on October 6, 2021, he was in good health. Mr. Hardy did suffer from a mild hypertension disorder that required him to take a low 5mg. dose of medication to maintain normal Systolic/Diastole readings for his blood pressure. Mr. Hardy's dosage for hypertension remained at 5mg for nearly 3 years preceeding his October 6, 2021 booking date. Mr. Hardy was frequently seen by his own personal family physician and had a Commercial Drivers License that required regular DOT physical exams that specifically addressed hypertension, Sleeping Disorders, and Sugar levels. Extreme hypertension, Sleeping Disorders, and Sugar levels are all relevant to highway safety in the world of commercial truck driving. Mr. Hardy's Sugar levels and lab reports remained in normal ranges for over 20 years preceeding his October 6, 2021 booking date.

8. After Plaintiff's seventh consecutive day of being detained in the ACDF, he took notice of the repetative 'Cold Sack' meal being served three times per day, seven days a week, which was in direct conflict with Correctional Facility and County Jail meal standards. Specifically the Posted Operational Menu at ACDF was not being followed by the Food Service Department in the ACDF.

9. The daily diet consisted of twelve slices of white bread, six slices each of processed meat and cheese, which was on a rotating basis with six packs of peanut butter and jelly, each, three heavily iced pieces of cake, or 9 cookies, three bags of potato chips, and a 1% milk for breakfast.

4(a)

10. The Cold diet's was high in Caloric intake with excessively high daily percentages of Saturated Fat, Sodium, Sugars and Carbohydrates that reduced to additional Sugar.

11. The diet Caused extremely rapid weight gain, it excelled blood Sugar levels to diabetic readings and Caused extreme hypertension over a four to five month Consumption Cycle.

12. The diet was the result of mechanical failures in the jail and was Served to the inmate population for nearly a year. In Mr. Hardy's Case, it was Served from October 6, 2021 until February 1, 2022.

13. The Diets known or obvious health risks specifically targeted inmates over the age of 40, because this age range was more Suceptible to the diets unhealthy effects. Mr. Hardy was 61 years old when he was booked into ACDF.

14. Defendant Reigenborn had actual or Constructive notice of the diets dangers to Mr. Hardy's bodily Safety and well-being, but Consciously or deliberately Chose to disregard the known or obvious risk to Mr. Hardy's health and Safety, despite actual or Constructive notice that the diet would Cause Mr. Hardy to develop life threatening medical Complications, and ultimately result in an unconstitutional sentence of death, in violation of Mr. Hardy's Fourteenth Amendment protections against Cruel and unusual punishment, as well as his Fourteenth Amendment guarantee to Due Process of law.

15. After Plaintiff's blood pressure dosage had to be increased from the 5 mg's to 40 mg's., and hearing others make complaints about getting hypertension and diabetic readings in their blood Sugar levels, Mr. Hardy decided to file for

4 (b)

administrative remedies regarding the effects that the diet was having on his health and well-being.

16. In November 2021, Plaintiff filed a Step-1 grievance to the ACDF Food Service Department, making 4 specific claims.

   A. The Diet was unhealthy
   B. The Diet caused extreme hypertension
   C. The Diet caused diabetic sugar levels
   D. The Diet was killing the ACDF inmate population.

17. On or about November 10, 2021 Food Service Supervisor Sioux Rodriguez responded to the grievance in writing, and made the following written findings:

   A. The Diet was the result of Mechanical Failures in the jail.
   B. The Diet was approved by a Registered Adams County Dietician.
   C. The Diet was in fact unhealthy.
   D. The Diet was causing hypertension.
   E. The Diet was causing diabetic complications to the ACDF inmate population
   F. The Diet was killing the inmates being detained in the ACDF.

18. As the final policymaker for the ACDF, Defendant Richard Reigenborn promulgated, created, implemented or possessed responsibility for the continued operation of a policy, custom, or practice of feeding the life threatening diet for an additional 84 days following Sioux Rodriguez' determination that the diet was responsible for causing life threatening medical complications that Mr. Hardy developed from the diet. Defendant Reigenborn consciously or deliberately chose to disregard the known or obvious effects of the diet that caused Mr. Hardy to suffer increased levels of hypertension and to be diagnosed diabetic by the ACDF medical

4(c)

provider (Jim) who has placed Mr. Hardy on a Facility Diabetic Diet.

19. Without regard to human right or safety, Defendant Reigenborn intentionally, and purposely chose to disregard the known or obvious risk of harm that the diet produced from its consumption.

20. The ACDF is frequently subject to mechanical failures that constitutionally affect Mr. Hardy. Specifically, there are long periods of no hot water, sometimes for weeks. Heating and Air Complications, Black Mold Complications that causes inmate sicknesses and living unit quaranteens that prevent inmates from making personal court appearances. Mr. Hardy has repeatedly been the subject of continuances in his State Court proceedings that has ultimately caused him additional time in jail because his hearing cant be conducted while his living unit is in quaranteen. The A-Module living unit went without clean boxers, shirts, pants, towels and washcloths for the whole month of October, 2021 and half of November 2021 due to mechanical failures that could have been avoided by better supervision and maintenance. Defendant Reigenborn has personally failed in his personal responsibility and statutory responsibility as "The keeper of the County Jail" to keep the same "clean, safe, and wholesome" C.R.S. 17-26-102 Colo. Rev. Statute. In addition to these things inmate cells often flood and cause damage to inmate personal property and legal work. Mr. Hardy lost commissary purchased writing tablets and legal copies as a result of cell flooding.

21. Defendant Reigenborn has also promulgated, created, implemented, or possessed responsibility for the continued operation of a policy, custom, or practice, of inadequate maintenance and supervision of the ACDF that produced the diet that caused Mr. Hardy

4(d)

to develop the life threatening medical complications that will ultimately cause Mr. Hardy's pre-mature death. Specifically, Mr. Hardy can only stall the inevitable sentence of death by changing his diet and exercise, but it changes nothing in regards to the raised co-pays, insurance premiums and pharmaceutical expenses, not to mention his forever lost employment as a Commercial Truck Driver because of the sugar levels the diet produced. Specifically, the medical complications developed by Plaintiff from the admitted unhealthy diet have permanently deprived him of his life, liberty and the pursuit of happiness guaranteed him pursuant to the Fourteenth Amendment to the United States Constitution.

22. Mr. Hardy finally alleges that he allowed his inmate commissary account to be used by other inmates, for which he would be given a bag of coffee for its use. Mr. Hardy contends that he consumed little to no food outside the cold sack meal he was made to eat, as a result of the mechanical failures in the ACDF.

4(e)

E.   PREVIOUS LAWSUITS

Have you ever filed a lawsuit, other than this lawsuit, in any federal or state court while you were incarcerated? _X_ Yes ___ No (*check one*).

*If your answer is "Yes," complete this section of the form. If you have filed more than one previous lawsuit, use additional paper to provide the requested information for each previous lawsuit. Please indicate that additional paper is attached and label the additional pages regarding previous lawsuits as "E. PREVIOUS LAWSUITS."*

Name(s) of defendant(s):   Jennifer Chu and Robert White

Docket number and court:   22-CV-146 (State Court Adams County)

Claims raised:   Conspiracy to violate Rights

Disposition: (is the case still pending? has it been dismissed?; was relief granted?)   Dismissed w/o Prejudice

Reasons for dismissal, if dismissed:   Failure to prosecute / Sheriff Refused Service

Result on appeal, if appealed:   N/A

F.   ADMINISTRATIVE REMEDIES

*WARNING: Prisoners must exhaust administrative remedies before filing an action in federal court regarding prison conditions. See 42 U.S.C. § 1997e(a). Your case may be dismissed or judgment entered against you if you have not exhausted administrative remedies.*

Is there a formal grievance procedure at the institution in which you are confined?

   _X_ Yes ___ No (*check one*)

Did you exhaust administrative remedies?

   _X_ Yes ___ No (*check one*)

5

E. Previous Lawsuits

Name of Defendants: Megan Ring, Brian Mason, Richard Reigenborn and Adams County.

Docket No.: 22-CV-01666-LTB

Claims Raised: Conspiracy to violate Fifth and Sixth Amendment Rights to Remain Silent and Attorney-Client Confidentiality.

Disposition: Administratively Closed: "Younger Abstention" Pending state's final disposition.

There was no appeal.

---

Name of Defendants: Adams County, Richard Reigenborn, Deputy Rabie, Deputy Cremyer, Deputy Lehavara, and two Unknown Masked deputies.

Docket No.: 22-CV-02843-MDB

Claims Raised: Excessive Use of Force, Cruel and unusual punishment, discrimination against Americans with Disabilities, and Reprisal for seeking Court redress.

Disposition: Direct assignment to Magistrate Judge and pending an amended Complaint that has already been filed.

5(a)

### G.     REQUEST FOR RELIEF

*State the relief you are requesting or what you want the court to do. If additional space is needed to identify the relief you are requesting, use extra paper to request relief. Please indicate that additional paper is attached and label the additional pages regarding relief as "G. REQUEST FOR RELIEF."*
1. Enter judgment in favor of the Plaintiff and against the defendants.
2. Grant Compensatory damages in the amount of 2,000,000.00 (million dollars) including pre and post judgment interest rates according to law.
3. Grant exemplary or punitive damages in the amount of 2,000,000 (million dollars) for defendants deliberate indifference to the health and safety of the Plaintiff.
4. Order defendants to pay all costs and fees, including expert witness fees, investigatory fees, Records fees and such.
5. Grant any other and further relief this court deems just and proper.

### H.     PLAINTIFF'S SIGNATURE

I declare under penalty of perjury that I am the plaintiff in this action, that I have read this complaint, and that the information in this complaint is true and correct. *See* 28 U.S.C. § 1746; 18 U.S.C. § 1621.

Under Federal Rule of Civil Procedure 11, by signing below, I also certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending or modifying existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

*Ralph M. Hardy*
(Plaintiff's signature)

January 11, 2022.
(Date)

(Revised November 2022)

